1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

UNITED STATES OF AMERICA,

No. C 00-00274-2 CRB

12

Plaintiff,

**JURY INSTRUCTIONS**

13

v.

14

YACOV YIDA,

15

Defendant.

16

_____/

17

18

19

_____

20

Dated:  December 11, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**CHARGE AGAINST DEFENDANT**

In this case, the government accuses the defendant with one count of conspiracy to unlawfully import into the United States 3,4-Methylenedioxymethamphetamine hydrochloride ("MDMA"), one count of importation into the United States of 3,4-Methylenedioxymethamphetamine hydrochloride ("MDMA"), and one count of smuggling into the United States 3,4-Methylenedioxymethamphetamine hydrochloride ("MDMA").

The charges are not evidence. The defendant has pleaded not guilty to these charges.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

**REASONABLE DOUBT**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;
2.     the witness's memory;
3.     the witness's manner while testifying;
4.     the witness's interest in the outcome of the case and any bias or prejudice;
5.     whether other evidence contradicted the witness's testimony;
6.     the reasonableness of the witness's testimony in light of all the evidence; and
7.     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES**

You have heard testimony from Benjamin Wizmann, a witness who received benefits from the government in connection with this case and who pleaded guilty to a crime arising out of the same events for which the defendant is on trial. The guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

You have also heard testimony from Andre Wegner, a witness who, along with Benjamin Wizmann, was an accomplice to the charged crimes. An accomplice is one who voluntarily and intentionally joins with another person committing a crime.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

## IMPEACHMENT EVIDENCE

You have heard evidence that some witnesses have been convicted of felonies and/or lied under oath.  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

## FLIGHT

The flight of a person immediately after the commission of a crime or after he is accused of a crime is not sufficient, in itself, to establish his guilt, but is a fact which, if proven, may be considered by you in light of all other proven facts in deciding the question of his guilt or innocence.  Whether or not evidence of flight shows consciousness of guilt and the significance attached to such circumstances are matters for your determination.

## MDMA IS A CONTROLLED SUBSTANCE

You are instructed as a matter of law that 3,4-Methylenedioxymethamphetamine hydrochloride ("MDMA") is a Schedule I controlled substance.

## CONSPIRACY–ELEMENTS (COUNT ONE)

The defendant is charged in Count One of the indictment with conspiring to unlawfully import into the United States 3,4-Methylene Dioxymethamphetamine, otherwise known as "MDMA" or "ecstasy," in violation of Title 21, United States Code, Section 963.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about April 3, 2000, and ending on or about May 10, 2000, there was an agreement between two or more persons to import or smuggle ecstasy into the United States on or about May 8, 2000; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.

Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## CONTROLLED SUBSTANCE

15

## UNLAWFUL IMPORTATION (COUNT TWO)
## (21 U.S.C. § 952(a))

The defendant, Yacov Yida, is charged in Count Two of the indictment with unlawful importation of 3,4-Methylene Dioxymethamphetamine, otherwise known as "MDMA" or "ecstasy," in violation of Title 21, United States Code, Section 952.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly brought ecstasy into the United States; and

Second, the defendant knew that the substance was ecstasy or some other prohibited drug.

In order for you to convict for the offense charged in Count Two, the government is not required to prove that the amount or quantity of ecstasy was as charged in Count Two.  It need only prove that there was a measurable or detectable amount of ecstasy.

16

## SMUGGLING GOODS (COUNT THREE)
## (18 U.S.C. § 545)

The defendant, Yacov Yida, is charged in Count Three the indictment with smuggling, in violation of Title 18, United States Code, Section 545.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant smuggled merchandise into the United States without declaring the merchandise for invoicing as required by United States customs law;

Second, the defendant knew that the merchandise was of a type that should have been declared; and

Third, the defendant acted willfully with intent to defraud the United States.

Ecstasy constitutes "merchandise" for the purposes of this offense.

## INTENT TO DEFRAUD

An intent to defraud is an intent to deceive or cheat.

## WILLFULLY–DEFINED

An act is done willfully if it is done knowingly and intentionally, not through ignorance, mistake or accident.

## KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## "ON OR ABOUT"

The charge is that the offenses alleged were committed on or about a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## EVIDENCE OF OTHER ACTS

The defendant in this case is charged with conspiring to import, importing, and smuggling a shipment of MDMA, or ecstasy, that arrived at San Francisco International Airport on May 8, 2000.  You are here only to determine whether the defendant is guilty or not guilty of these charges.  The defendant is not on trial for any conduct or offense not charged in the indictment.

You have heard evidence regarding shipments of controlled substances other than the shipment that arrived at San Francisco International Airport on May 8, 2000.  You may consider that evidence only as it bears on what, if anything, the defendant knew about the May 8, 2000 shipment, and on whether the defendant acted by mistake or accident.  You may not consider it for any other purpose.

## AIDING AND ABETTING

A defendant may be found guilty of the charges alleged in Count Two and Count Three even if the defendant personally did not commit the act or acts constituting the crimes but aided and abetted in their commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime charged was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

## USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.